**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| TELEBRANDS CORP.,<br><br>                              Plaintiff,<br><br>v.<br><br>MIW ASSOCIATES, LLC,<br>INNOVATION FACTORY, INC., and<br>MARVIN WEINBERGER<br><br>                              Defendants. | Civil Action No. 2:26-cv-02832<br><br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DECLARATORY JUDGMENT
OF PATENT NON-INFRINGEMENT**

Plaintiff Telebrands Corp. ("Plaintiff" or "Telebrands"), by and through its undersigned counsel, hereby files this Complaint against Defendants MIW Associates, LLC ("MIW Associates"), Innovation Factory, Inc. ("Innovation Factory"), and Marvin Weinberger ("Weinberger") (collectively, "Defendants") for a declaratory judgment that Plaintiff does not infringe U.S. Patent No. 8,870,630 ("the '630 Patent"), and in support thereof alleges the following:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment of non-infringement of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States of America, 35 U.S.C. §§ 1, *et seq.*

2.      Telebrands seeks a declaratory judgment that none of the claims of the '630 Patent are infringed by Telebrands' HORSEPOWER GIDDY UP® grill brush ("Accused Product").

3.      Defendants have accused Telebrands of patent infringement by alleging that the Accused Product infringes the '630 Patent, thereby creating an actual and justiciable controversy between Telebrands and Defendants.  Therefore, without waiver of any rights, Telebrands brings this declaratory judgment action seeking a declaration that the Accused Product does not infringe the '630 Patent.

## THE PARTIES

4.      Plaintiff Telebrands Corp. is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

5.      Upon information and belief, Defendant MIW Associates, LLC is a limited liability company organized and existing under the laws of the State of Pennsylvania, having a place of business at 630 Penfield Avenue, Havertown, Pennsylvania 19083.

6.      Upon information and belief, Defendant Innovation Factory, Inc. is a Pennsylvania corporation having a place of business at 201 Sabine Avenue, Narberth, Pennsylvania 19072.

7.      Upon information and belief, Defendant Marvin Weinberger is an individual residing and/or having a place of business at 630 Penfield Avenue, Havertown, Pennsylvania 19083.

## FACTUAL BACKGROUND

### *Telebrands and the Accused Product*

8.      Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products, through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

2

9.    For over thirty years, Telebrands has been a leading developer and marketer of consumer products.  Telebrands is widely known through the retail industry for its success in driving retail sales through its nationwide advertising programs.  Telebrands expends significant human and financial resources cultivating relationships with a wide variety of retailers, *e.g.*, large retail chains, catalogs, and retail websites, which buy Telebrands' products.

10.    One of Telebrands' popular products is its HORSEPOWER GIDDY UP® grill brush.  The HORSEPOWER GIDDY UP® grill brush is a cordless, rechargeable electric grill-cleaning tool that features a motorized, stainless steel "Power Roller" having a chainmail that rotates at up to 350 RPM to remove grease, carbon buildup, and burnt-on food residue from barbecue grill grates without the use of wire bristles or a scraper.  Telebrands promotes and offers for sale its HORSEPOWER GIDDY UP® grill brush on its websites, https://horsepowerhome.com/ and https://hpgiddyup.com/, as well as through retailers such as Amazon.com, Home Depot, and Walmart.  Screenshots of Telebrands' websites, https://horsepowerhome.com/  and https://hpgiddyup.com/, promoting and offering for sale its HORSEPOWER GIDDY UP® grill brush is attached hereto as **Exhibits 1 and 2**.

11.    Telebrands' HORSEPOWER GIDDY UP® grill brush is a successful product.  Its success is due, in part, to its innovative design as well as Telebrands' marketing and promotional efforts.  It is also due to Telebrands' use of the highest quality materials and processes in making the HORSEPOWER GIDDY UP® grill brush.

12.    As stated above, Telebrands sells its HORSEPOWER GIDDY UP® grill brush on Amazon.com.  Amazon.com gives each product listing on its website a unique Amazon Standard Identification Number ("ASIN").  Telebrands sells its HORSEPOWER GIDDY UP® grill brush on Amazon.com under the ASIN B0DX7FZ3Q8.

*Defendants and U.S. Patent No. 8,870,630*

13.    Upon information and belief, Defendants are jointly doing business in the United States and in this District via at least their website, https://grillfighter.tools/, and on Amazon.com.

14.    Upon information and belief, Defendants manufacture, promote, distribute, offer for sale and sell grill brushes referred to as the "GrillFighter."  Defendants promote, offer for sale and sell the GrillFighter grill brush on their website, https://grillfighter.tools/,[1] as well as on Amazon.com.[2]  Below are screenshots from https://grillfighter.tools/ showing that Defendants jointly promote and offer for sale their GrillFighter grill brush:



*See* https://grillfighter.tools/pages/about-us-1 (profiling Weinberger).

_____

[1] A screenshot of Defendants' website, https://grillfighter.tools/, promoting and offering for sale their GrillFighter grill brush is attached hereto as **Exhibit 3**.

[2] A screenshot of Defendants' Amazon.com listing, https://www.amazon.com/GrillFighter-Bristle-Free-SteelClothTM-Stainless-Porcelain-Coated/dp/B0G93WT8WW, promoting and offering for sale their GrillFighter grill brush is attached hereto as **Exhibit 4**.

4



### Return & Warranty Policy

**Returns (Non-Warranty)**
All returns (other than warranty claims) must be approved in writing by contacting us at contact@grillfighter.com within 30 days of receipt.

**Once approved, please:**
1. Print your full name and order number clearly on the outside of the package.
2. Return the item at your expense to:

**FOR ORDERS:**
MIW Associates LLC (operating as grillfighter.tools) 630 Penfield Ave. Havertown, Pennsylvania 19083 United States

*See* https://grillfighter.tools/pages/refund-policy (identifying MIW Associates as the contact for order inquiries). Through at least this website, Defendants promote, offer for sale, and sell their GrillFighter grill brush to individuals throughout the United States, including in this District.

15. On October 28, 2014, the United States Patent and Trademark Office issued the '630 Patent, entitled "Scraper Assembly." Weinberger and two other individuals—Tucker Marion and Evan Gurgui—are listed as the inventors on the face of the '630 Patent. MIW Associates is listed as the assignee on the face of the '630 Patent. A true and correct copy of the '630 Patent is attached hereto as **Exhibit 5**.

16. The '630 Patent includes 20 claims, of which two are independent and 18 are dependent. Each of independent Claims 1 and 20 is directed to a "scraper for use in abrading a surface" and includes several limitations. **Exhibit 5** at 49:48-61, 50:52-65.

*__Defendants' Acts Creating Subject Matter Jurisdiction__*

17. By way of background, Amazon.com established the Amazon Patent Evaluation Express ("APEX") procedure for patent owners to obtain an evaluation of their patent

infringement claims against products offered by third-party sellers on Amazon.com. *See*

https://sellercentral.amazon.com/seller-forums/discussions/t/03705c02-af92-400b-96a9-

fbe3a2833497. The APEX procedure begins when a patent owner uses the "Report a Violation"

tool to notify Amazon.com that it believes a product sold under a specified ASIN infringes its

patent. *See id*. At that point, Amazon removes the product listing from its website. The seller

then receives notice of the reported violation, and has two options: (1) submit to Amazon a court

order stating that the seller is allowed to sell the product(s) and hence is not violating Amazon

policy for the removed listing(s), or (2) work directly with the party that reported the violation to

submit a retraction to of the infringement claim to Amazon. The listing of the allegedly

infringing product remains removed from Amazon.com until the seller sends Amazon the

requisite court order under option one or the reporting party submits a retraction to Amazon

under option two.

18.     On April 22, 2026, Amazon notified Telebrands, through Amazon's Seller

Central web portal, of Defendants' report submitted under the APEX procedure concerning

Telebrands' ASIN B0DX7FZ3Q8 for the HORSEPOWER GIDDY UP® grill brush:



*See* Screenshot from Telebrands' account on the Amazon Seller Central portal, attached hereto as

**Exhibit 6**.

19.     That same day—April 22, 2026—Telebrands responded to Amazon's notice, submitting evidence to Amazon that Telebrands is the owner of all rights in the HORSEPOWER GIDDY UP® grill brush product, including the right to sell the product, for example, on Amazon.com.

20.     On April 23, 2026, Telebrands received a response from Amazon, stating that the documents Telebrands submitted were "insufficient to overcome the alleged infringement claims." *See* Screenshot from Telebrands' account on the Amazon Seller Central portal, attached hereto as **Exhibit 7**.  Amazon stated that Telebrands' options were to either obtain: (1) a court order stating that it is allowed to sell the products, or (2) a retraction from the reporting party, which Amazon identified as Marvin Weinberger of Defendant Innovation Factory, Inc., and for which it provided the email address Marvin@InnovationFactory.com.  *See id.*

21.     That same day—April 23, 2026—Telebrands contacted Amazon by phone to provide and to seek more information, in an attempt to resolve the issue and have its ASIN B0DX7FZ3Q8 listing for the HORSEPOWER GIDDY UP® grill brush reinstated.

22.     On April 24, 2026, Telebrands received a further response from Amazon, stating that the reporting party "has reported that [ASIN B0DX7FZ3Q8] may infringe upon their patent [the '630 Patent]." *See* Screenshot from Telebrands' Amazon Seller Central portal, attached hereto as **Exhibit 8**.  This response to Amazon reiterated Telebrands' options, which were to either obtain: (1) a court order stating that it is allowed to sell the products, or (2) a retraction from the reporting party, which this time Amazon identified as "grillfighter," and for which it provided the same email address as before, Marvin@InnovationFactory.com.  *See id.*

23.     Currently, Telebrands' ASIN B0DX7FZ3Q8 for the HORSEPOWER GIDDY UP® grill brush remains removed from Amazon.com.

24.    Amazon.com is a source of significant sales of the Accused Product for Telebrands.  Due to Defendants' aggressive patent assertion campaign, Telebrands stands to lose substantial revenue and sustain significant damage to its customer relationships, if the matter is not promptly resolved.  Such damage to Telebrands is occurring at least in this District, in which Telebrands promotes, offers for sale, and sells its HORSEPOWER GIDDY UP® grill brush to individuals located in the District, and where Defendants all reside.

## JURISDICTION AND VENUE

25.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. § 1 *et seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 because Telebrands' claim arises under the laws of the United States, namely the Patent Act and the Declaratory Judgment Act.

26.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 because Defendants have sought to prevent Telebrands from making, using, offering to sell and selling the Accused Product.  As described in detail above, there is an actual and justiciable controversy between the parties regarding whether Telebrands' Accused Product infringes the '630 Patent.  This controversy arises from at least Defendants' wrongful infringement assertions against Telebrands, as outlined above, which have caused and are continuing to cause Telebrands significant and ongoing irreparable injury.  Because this action presents an actual controversy with respect to the non-infringement of the '630 Patent, the Court may grant the declaratory relief sought under 28 U.S.C. §§ 2201 and 2202.

27.    Based on the above facts, upon information and belief, Defendant MIW Associates is the original assignee and current owner of the '630 Patent, which allows MIW

8

Associates to practice and enforce the '630 Patent.  *See* Assignment from inventors to MIW Associates, attached hereto as **Exhibit 9**.

28.    Upon information and belief, Defendant Weinberger is President of MIW Associates, and with Innovation Factory, was involved in reporting an alleged violation to Amazon concerning Telebrands' ASIN B0DX7FZ3Q8 for the HORSEPOWER GIDDY UP® grill brush (*see* **Exhibits 7 and 8**), which led to the removal of this ASIN's product listing from Amazon.com.

29.    In light of the foregoing, upon information and belief, all three Defendants acted in concert to cause the removal of Telebrands' product listing for the Accused Product from Amazon.com.

30.    This Court has personal jurisdiction over MIW Associates because, upon information and belief, MIW Associates is a Pennsylvania limited liability company with a place of business in Havertown, Pennsylvania, which is located in this District.

31.    This Court has personal jurisdiction over Innovation Factory because, upon information and belief, Innovation Factory is a Pennsylvania corporation with a place of business in Narberth, Pennsylvania, which is located in this District.

32.    This Court has personal jurisdiction over Weinberger because, upon information and believe, Weinberger resides and/or works in Havertown, Pennsylvania, which is located in this District.

33.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 as to MIW Associates because, upon information and belief, MIW Associates is a company formed in Pennsylvania and resides in Havertown, Pennsylvania, which is located in this District.

34.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 as to Innovation Factory

because, upon information and belief, Innovation Factory is incorporated in Pennsylvania and resides in Narberth, Pennsylvania, which is located in this District.

35.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 as to Weinberger because, upon information and belief, Weinberger resides and/or works in Havertown, Pennsylvania, which is located in this District.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the '630 Patent)**

36.     Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 35 as if set forth herein in their entirety.

37.     There is an actual controversy between Telebrands and Defendants as to the alleged infringement of the '630 Patent.

38.     The Accused Product does not infringe, and has not infringed, any of the claims of the '630 Patent.

39.     The '630 Patent has two independent claims, which are reproduced below.  The remaining claims, Claims 2–19, all depend, directly or indirectly, from independent Claim 1.

40.     Claim 1 of the '630 Patent recites:

| Limitation | Claim Language |
|---|---|
| 1[PRE] | 1. A scraper for use in abrading a surface, comprising: |
| 1[A] | a handle and |
| 1[B] | a scraper head attached to said handle, wherein the scraper head comprises: |
| 1[B][i] | a frame and |
| 1[B][ii] | a chainmail abrader mounted to the frame, wherein the chainmail abrader comprises: |
| 1[B][ii][a] | a chainmail body comprising a plurality of interlinked rings and; |

10

| Limitation | Claim Language |
|---|---|
| 1[B][ii][b] | an elastic member positioned adjacent to said chainmail body, wherein the elastic member is capable of applying pressure against the chainmail body enabling the chainmail body to resiliently conform to the contours of the surface. |

41.     Claim 20 of the '630 Patent recites:

| Limitation | Claim Language |
|---|---|
| 20[PRE] | 20. A scraper for use in abrading a surface, comprising: |
| 20[A] | a handle and |
| 20[B] | a scraper head attached to said handle, wherein the scraper head comprises: |
| 20[B][i] | a frame and |
| 20[B][ii] | a chainmail abrader mounted to the frame, wherein the chainmail abrader comprises: |
| 20[B][ii][a] | a chainmail body comprising a plurality of interlinked rings and; |
| 20[B][ii][b] | a back pressure means positioned adjacent to said chainmail body, wherein the back pressure means is capable of applying pressure against the chainmail body enabling the chainmail body to conform to the contours of the surface. |

42.     Telebrands' Accused Product does not infringe, and has not infringed, any claim of the '630 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

43.     By way of example, the Accused Product does not satisfy at least limitations 1[B] and 1[B][ii] of Claim 1 and 20[B] and 20[B][ii] of Claim 20 of the '630 Patent. In particular, the Accused Product does not have a "scraper head" attached to a handle or a "chainmail abrader" that is "mounted to the frame."

44.     The rest of the claims of the '630 Patent, Claims 2–19, depend, either directly or indirectly from Claim 1. Dependent claims cannot be infringed if the independent claim from which they depend is not infringed. Therefore, Telebrands' Accused Product does not infringe,

11

and has not infringed, any of the claims of the '630 Patent for at least the reasons described above for Claims 1 and 20.

45. Based on the foregoing, an actual controversy has arisen and now exists between Telebrands and Defendants regarding Telebrands' alleged infringement of the '630 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that Telebrands has not infringed any claim of the '630 Patent.

46. A judicial declaration is necessary and appropriate so that Telebrands may ascertain its rights regarding the '630 Patent, including its rights to manufacture, use, offer to sell, or sell within the United States, and/or import from and/or to the United States, the Accused Product.

47. Because of the foregoing, and to avoid further imminent harm to its business and harassment of its customers with meritless infringement claims, Telebrands seeks and is entitled to a declaratory judgment that the Accused Product does not infringe, and has not infringed, any claim of the '630 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Telebrands Corp. prays for a judgment in its favor, including:

A. A declaration that the Accused Product does not infringe, and has not infringed, either directly or indirectly, and either literally or under the doctrine of equivalents, any claim of the '630 Patent;

B. A preliminary and permanent injunction ordering Defendants to withdraw and retract their violation notice against Telebrands' Accused Product that they lodged with Amazon.com, and to make no further complaints of infringement to Amazon.com against Telebrands' Accused Product based on the '630 Patent or any related patent;

C.      A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285;

D.      An award of Telebrands' reasonable attorneys' fees, costs, and expenses under 35

U.S.C. § 285, any applicable Pennsylvania statutes, or common law; and

E.      Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Telebrands hereby demands

trial by jury in this action of all issues so triable.

Dated:  April 29, 2026                          Respectfully submitted,

**KELLEY DRYE & WARREN LLP**

 */s/ Daniel J. Harrison*
Daniel J. Harrison (Admitted in E.D. Pa.)
dharrison@kelleydrye.com
Michael J. Zinna (*Pro Hac Vice* forthcoming)
mzinna@kelleydrye.com
Vincent M. Ferraro (*Pro Hac Vice* forthcoming)
vferraro@kelleydrye.com
Abhishek Bapna (*Pro Hac Vice* forthcoming)
abapna@kelleydrye.com
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone:     (212) 808-7800
Facsimile:     (212) 808-7897

*Attorneys for Plaintiff Telebrands Corp.*